IN THE UNITED STATES DISTRICT COURT
FOR THE WETSERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. VERONICA "TYLER" BORS,<br><br>    Plaintiff,<br><br>v.<br><br>1. STATE OF OKLAHOMA ex rel **BOARD OF REGENTS FOR THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA**,<br><br>2. **UNIVERSITY OF CENTRAL OKLAHOMA**,<br><br>    Defendants. | Case No. CIV–18–1235-R |

## AMENDED COMPLAINT

**COMES NOW THE PLAINTIFF**, and for his amended cause of action[1] herein alleges and states as follows:

1. Plaintiff is Veronica "Tyler" Bors, an adult resident of Oklahoma County, Oklahoma.

2. Defendants are:

    A. The State of Oklahoma ex Rel the Regional University System of Oklahoma ("RUSO"), a governmental subdivision operating in

---

[1] This action was originally filed via petition in state court and was properly removed by Defendant State of Oklahoma. To avoid future confusion, Plaintiff captions this document as "Amended Complaint" rather than "Amended Petition" due to the venue change.

1

Oklahoma County, Oklahoma.

B. The University of Central Oklahoma ("UCO"), a constitutional entity operating in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's causes of action are for denial of and/or exclusion from education programming as a result of sex discrimination and/or sexual harassment and/or sexual abuse in violation of Title IX, 20 U.S.C. § 1681. Jurisdiction over the federal claims is vested in this Court under and 28 U.S.C. § 1331.

4. All of the acts described herein occurred in Oklahoma County and venue is proper in this Court.

## STATEMENT OF FACTS

5. Defendant State of Oklahoma *ex rel* The Board of Regents for the Regional University System of Oklahoma exercises "supervision, management, and control," of Defendant University of Central Oklahoma under 70 O.S. § 3510.

6. Defendants receive federal financial assistance for educational programs and are a covered entity under Title IX.

7. Plaintiff is a current student at UCO, which is subject to governance by RUSO.

8. On or around August 31, 2017, UCO professor Kole Kleeman contacted Plaintiff allegedly seeking advice on pronoun use regarding sex and gender relative to LGBT+ persons. Plaintiff agreed to meet to discuss this topic, however, Professor Kleeman set the meeting at his home, and during the "meeting" sexually harassed and/or assaulted Plaintiff, including but not limited to the following:

   A. Repeated statements regarding Plaintiff's physical appearance;

   B. That Plaintiff's gender transition made him "horny";

   C. Forcibly trying to embrace Plaintiff; and

   D. Kissing Plaintiff on the head.

9. Plaintiff rejected such advances from Professor Kleeman and fled the location.

10. Plaintiff reported the incident to the Title IX office of UCO, and through the Ethics Point link on the RUSO website.

11. Defendant conducted an investigation of such incident and found in favor of Plaintiff, however, Defendant has shown deliberate indifference to Plaintiff's concerns in that the threat of continued harassment/assault remains.

12. Due to Defendant's failure to remediate, Plaintiff has been denied opportunity for educational and enrichment opportunities including but

        not limited to an inability to take classes, to accept an assistantship due, and to meet with his professors due to their proximity to the harasser.

13. Plaintiff timely provided Defendants with a tort claim notice received on or around June 25, 2018. The claim was deemed denied after ninety (90) days, and the petition was timely filed within one hundred eighty (180) days of such denial. The amended complaint is filed within one hundred eighty (180) days of such denial.

14. Discrimination based on sex and/or denial of benefits of education due to sex and/or sexual harassment is prohibited by Title IX and 42 U.S.C. § 1983.

15. Under Title IX and § 1983, Plaintiff is entitled to compensation for all compensatory damages arising from the discrimination experienced.

16. Under Title IX, Plaintiff is also entitled to recover damages for the emotional distress and/or dignitary harms suffered as a result of such discrimination.

17. The actual damages under Plaintiff's claims is anticipated to exceed Ten Thousand Dollars ($10,000.00).

## **PRAYER**

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and

punitive damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 27th DAY OF DECEMBER, 2018.**

S/ Leah M. Roper
Leah M. Roper, OBA # 32107
D. Colby Addison, OBA #32718
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Telephone: 405.703.4567
Facsimile:  405.703.4067
E-mail:     colby@lhllaw.com
E-mail:     leah@lhllaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 27th day of December, 2018, a true and correct copy of the foregoing instrument was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

RICHARD N. MANN, OBA#11040
LEXIE P. NORWOOD, OBA#31414
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: richard.mann@oag.ok.gov
Email: lexie.norwood@oag.ok.gov

*Attorney for Defendant*

                                                  s/ Leah M. Roper