IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

VERONICA "TYLER" BORS, )
)
        Plaintiff, )
)
v. ) Case No. CIV-18-1235-R
)
(1) STATE OF OKLAHOMA *ex rel.* )
BOARD OF REGENTS FOR THE )
REGIONAL UNIVERSITY SYSTEM )
OF OKLAHOMA, and )
)
(2) UNIVERSITY OF )
CENTRAL OKLAHOMA, )
)
        Defendants. )

## ORDER

This matter comes before the Court on Plaintiff's Motion to Strike certain of Defendants' affirmative defenses (Doc. 17). Plaintiff asserts that Defendants denied and/or excluded her from educational programming because of sex discrimination, sexual harassment, and/or sexual abuse in violation of Title IX, 20 U.S.C. § 1681. *See* Doc. 9, at 2. Plaintiff moves this Court pursuant to Fed. R. Civ. P. 12(f) to strike six affirmative defenses from Defendants' answers, *see* Docs. 14–15, because they are legally inapplicable and/or fail to comply with the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, Plaintiff moves to strike the following defenses:

- Defendants "are entitled to sovereign immunity from suit." Doc. 14, at 3, ¶ 2; Doc. 15, at 4, ¶ 3.

- Defendants "are entitled to Eleventh Amendment immunity." Doc. 14, at 4, ¶ 3; Doc. 15, at 4, ¶ 4.
- "Plaintiff failed to exhaust all administrative remedies." Doc. 14, at 4, ¶ 7; Doc. 15, at 4, ¶ 8.
- "Plaintiff consented to the complained of conduct . . . ." Doc. 14, at 4, ¶ 5; Doc. 15, at 4, ¶ 6.
- "Plaintiff caused or contributed to the alleged injuries and damages by Plaintiff's own behavior." Doc. 14, at 4, ¶ 6; Doc. 15, at 4, ¶ 7.
- "Plaintiff's claims are limited or otherwise barred by the Governmental Tort Claims Act ("GTCA") of the State of Oklahoma." Doc. 14, at 4, ¶ 10; Doc. 15, at 4, ¶ 11.

*See* Doc. 17, at 2–3. Defendants object to Plaintiff's motion, arguing that Plaintiff has not shown prejudice or lack of notice by the inclusion of the affirmative defenses as pled, that the pleading sufficiency standards applicable to complaints do not apply to answers, and that the affirmative defenses are, in fact, sufficiently pled. *See generally* Doc. 18.

In a motion to strike, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The motion's purpose is to "save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Lofton v. FTS Int'l Mfg., LLC*, No. CIV-17-242, 2017 WL 3741982, at *5 (W.D. Okla. Aug. 30, 2017) (internal quotation marks and citation omitted). "[M]otions to strike are generally a disfavored, drastic remedy and are rarely granted." *Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *2

(W.D. Okla. Feb. 5, 2018) (citing *United States v. Hardage*, 116 F.R.D. 460, 463–64 (W.D. Okla. 1987)); *see also Tavasci v. Cambron*, No. CIV-16-0461 JB/LF, 2016 WL 6405896, at *7 (D.N.M. Oct. 25, 2016) (noting that motions to strike "tend to be busywork, and crowd the docket" (internal quotation marks and citation omitted)); *Lane v. Page*, 272 F.R.D. 581, 587, 599 (D.N.M. 2011) (citing courts that describe the motion to strike as "a dilatory tactic," "purely cosmetic," and a "time waster[]" (internal quotation marks and citations omitted)). Moreover, the Court "possesses considerable discretion in disposing of a Rule 12(f) motion to strike . . . ." *SFF–TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 978 (N.D. Okla. 2017) (internal quotation marks and citation omitted).

Contrary to Defendant's argument, this Court determined in 2009 that *Twombly* (and, by extension, *Iqbal*) applies to affirmative defenses. In *Gibson v. OfficeMax, Inc.*, the Court concluded that

> [u]nless and until the Tenth Circuit holds otherwise, this Court holds that affirmative defenses other than the failure to mitigate damages are subject to the pleading requirements of [Fed. R. Civ. P.] 8 . . . and *Bell Atlantic Corp. v. Twombly* . . . . Thus, unless the factual basis for an affirmative defense is clear from the face of the complaint, *e.g.*, where the claim asserted is clearly barred by the statute of limitations, in which case the mere statement that the claim is barred by that statute is sufficient, a defendant must allege a sufficient factual basis or bases for his or its affirmative defense to show that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability.

*See Gibson v. OfficeMax, Inc.*, No. CIV-08-1289-R, at 2 (W.D. Okla. Jan. 30, 2009). The Court will not revisit its prior decision today—though it acknowledges that judges in this district court have disagreed on whether *Twombly* and *Iqbal* apply to affirmative defenses.[1]

---

[1] *Compare Knighten*, 2018 WL 718533, at *2 n.1 (DeGiusti, J.) ("The Tenth Circuit has not addressed

Irrespective of whether Defendants have pled sufficient factual matter in their answers, the Court strikes several of Defendants' affirmative defenses because they are legally inapposite, as Plaintiff argues. First, an exhaustion defense is inapplicable here, as "Title IX has no administrative exhaustion requirement . . . ." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 255 (2009); *see also Cannon v. Univ. of Chicago*, 441 U.S. 677, 706 n.41 (1979); *Parker v. Franklin Cty. Cmty. Sch. Corp.*, 667 F.3d 910, 919 (7th Cir. 2012) ("[C]laimants under Title IX need not exhaust administrative remedies before bringing suit directly in court."). Second, Defendants' immunity-based defenses are stricken because Congress has explicitly waived sovereign immunity for Title IX claims. *See* 42 U.S.C. § 2000d-7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . title IX of the Education Amendments of 1972 . . . ."); *Sossamon v. Texas*, 563 U.S. 277, 291 (2011) ("42 U.S.C. § 2000d-7 . . . . expressly waives state sovereign immunity for violations of . . . title IX . . . ." (internal quotation marks and citation omitted)); *Arbogast v. Kan. Dep't of Labor*, 789 F.3d 1174, 1182 (10th Cir. 2015) ("[E]very circuit court to consider the issue . . . has concluded that by accepting federal financial assistance as specified in 42 U.S.C. §

---

whether the heightened pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses, and there is a split among district courts on the issue. . . . However, this Court has consistently concluded that the *Twombly/Iqbal* standard does not apply with the same force to affirmative defenses." (internal quotation marks and citation omitted)), *and Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-0397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009) (Heaton, J.) ("[T]he court concludes the *Twombly* standard applicable to a plaintiff's claims does not apply with the same force to a defendant's affirmative defenses and that, at least in the ordinary circumstance, a more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes."), *with Burget v. Capital W. Sec., Inc.*, No. CIV–09–1015–M, 2009 WL 4807619, at *2 (W.D. Okla. Dec. 8, 2009) (LaGrange, J.) (applying *Twombly* to affirmative defenses), *and Woodard v. Chesapeake Energy Mktg.*, No. CIV-08-1097-W, 2009 WL 10702563, at *1 (W.D. Okla. Feb. 17, 2009) (West, J.) (same)

2000d-7, states and state entities waive sovereign immunity from suit." (internal quotation marks and citations omitted)); *see also Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 72–73 (1992); *Doe v. Univ. of Colo. ex rel. Bd. of Regents of Univ. of Colo.*, 255 F. Supp. 3d 1064, 1081 (D. Colo. 2017). Moreover, Plaintiff brings one cause of action under federal law, asserting no state law claims; thus, the Oklahoma Governmental Tort Claims Act ("GTCA") has no bearing on Defendants' liability vis-à-vis Title IX. Thus, Defendants' exhaustion of administrative remedies, Eleventh Amendment, sovereign immunity, and GTCA defenses, *see* Doc 14, at 3–4, ¶¶ 2–3, 7, 10; Doc. 15, at 4, ¶¶ 3–4, 8, 11, are hereby stricken pursuant to Rule 12(f).

Finally, Plaintiff moves to strike Defendants' consent and cause/contribution defenses on the grounds of factual insufficiency. *See* Doc. 17, at 3–5. Whether Plaintiff's alleged consent, cause, or contribution gives rise to affirmative defenses to a claim under Title IX is unclear. *See, e.g., Chancellor v. Pottsgrove Sch. Dist.*, 529 F. Supp. 2d 571, 576 (E.D. Pa. 2008) (noting that student-plaintiff's consent to a relationship with a teacher is "not a defense to a sexual harassment claim," but may be admissible "for purposes of determining whether the harassment rose to the level of severe, pervasive, and objectively offensive" (internal quotation marks and citation omitted)); *see also J.M. ex rel. Morris v. Hilldale Indep. Sch. Dist. No. 1–29*, 397 F. App'x 445, 455 (10th Cir. 2010) (explaining that, "although there was no question that a sexual relationship between a student and a teacher constituted harassment," the district court in *Chancellor* "permitted evidence that the student consented to the sexual relationship because . . . the student's voluntary participation in sexual activity with [the teacher was] admissible for purposes of

5

determining whether the harassment rose to the level of severe, pervasive, and objectively offensive" (brackets original) (internal quotation marks and citations omitted)). The Court need not decide this question, though, as it agrees with Plaintiff that Defendant has pled insufficient factual matter in support of these defenses. Thus, the Court strikes Defendants' consent and cause/contribution defenses, *see* Doc. 14, at 4, ¶¶ 5–6; Doc. 15, at 4, ¶¶ 6–7, for failure to satisfy *Twombly* and *Iqbal*'s pleading standards.

Accordingly, the Court GRANTS Plaintiff's motion and strikes the aforementioned affirmative defenses from Defendants' answers. However, the Court also grants Defendants' request for leave to amend as it pertains to Defendants' "consent" and "caused or contributed" defenses. *See* Doc. 18, at 4. Defendants may submit amended answers providing additional factual matter in support of these defenses no later than ten (10) days from the date of this order.[2]

IT IS SO ORDERED this 13th day of March, 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] The striking of an affirmative defense from the answers does not preclude Defendants from raising the issue as the case moves forward. Rather, if Defendants succeed in including the issue in the final pretrial order, which is the controlling document for trial, its absence from the answers will be without effect. *See* e.g., *McKenzie v. Benton*, 388 F.3d 1342, 1349 n.2 (10th Cir. 2004).