IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) VERONICA "TYLER" BORS,<br><br>Plaintiffs,<br><br>v.<br><br>(1) STATE OF OKLAHOMA, *ex rel.*, BOARD OF REGENTS FOR THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA,<br><br>(2) UNIVERSITY OF CENTRAL OKLAHOMA,<br><br>Defendants. | **Case No.: 18-cv-1235-R**<br><br>**(Removed from Oklahoma County District Court CJ-2018-6463)** |

**DEFENDANT BOARD OF REGENTS FOR
THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA'S
<u>AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendant Board of Regents for the Regional University System of Oklahoma ("RUSO"), for its Amended Answer, pursuant to this Court's Order [Doc. 22], to Plaintiff's Amended Complaint [Doc. 9], denies each and every allegation contained therein except those specifically admitted hereinafter:

1. RUSO is without sufficient information or belief to either admit or deny the claims and allegations contained in Plaintiff's Amended Complaint paragraph one (1) and therefore denies the same.

2. A. Admitted.

    B. Admitted.

## JURISDICTION AND VENUE

3. The allegations, claims, and/or conclusions contained in Plaintiff's Amended Complaint paragraph three (3) are not directed to this defendant and do not otherwise require a response. To the extent a response is required, RUSO denies the allegations, claims, and/or conclusions as phrased.

4. RUSO is without sufficient information or belief to either admit or deny the claims and allegations contained in Plaintiff's Amended Complaint paragraph four (4) and therefore denies the same.

## STATEMENT OF FACTS

5. Denied as stated.

6. Denied as stated.

7. Denied as stated.

8. RUSO is without sufficient information or belief to either admit or deny the claims and allegations contained in Plaintiff's Amended Complaint paragraph 8 and all it subparts, (A, B, C, and D), and therefore denies the same.

9. RUSO is without sufficient information or belief to either admit or deny the claims and allegations contained in Plaintiff's Amended Complaint paragraph 9, and therefore denies the same.

10. RUSO is without sufficient information or belief to either admit or deny the claims and allegations contained in Plaintiff's Amended Complaint paragraph 10, and therefore denies the same.

11. Admitted that Plaintiff reported the incident and that it was investigated, but the remainder of this paragraph is denied as RUSO is without sufficient information at this time to form a belief as to the truth of the remaining averments.

12. RUSO is without sufficient information or belief to either admit or deny the claims and allegations contained in Plaintiff's Amended Complaint paragraph 12, and therefore denies the same.

13. RUSO is without sufficient information or belief to either admit or deny the claims and allegations contained in Plaintiff's Amended Complaint paragraph 13, and therefore denies the same.

14. Denied as neither the State nor any of its entities or agencies are considered "persons" and cannot be sued pursuant to 42 USC § 1983.

15. Denied as neither the State nor any of its entities or agencies are considered "persons" and cannot be sued pursuant to 42 U.S.C. § 1983.

16. This paragraph contains only a legal statement concerning types of damages possibly recoverable and has no factual allegations requiring a response.

17. This paragraph contains only a legal statement concerning types of damages possibly recoverable and has no factual allegations requiring a response.

## PLAINTIFF'S PRAYER

Plaintiff's prayer includes a demand for punitive damages, which are not recoverable against the State or any of its entities or agencies by law.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted against RUSO.

2. RUSO is an improper defendant to this suit and should be dismissed.

3. Punitive damages are not recoverable against a state or its entities or agencies.

4. Plaintiff consented to the complained of conduct by Professor Kole Kleeman. Plaintiff suggested he and Professor Kleeman meet for lunch sometime. Plaintiff and Professor Kleeman made plans to meet for dinner and they communicated by phone, text, and Facebook messenger to determine the time and location to meet. Plaintiff described the initial interaction with a hug and a light kiss on the back of his head as consensual. Plaintiff said that Professor Kleeman looked good. Plaintiff remained at Professor Kleeman's house after the alleged sexual misconduct and even prepared the salad for dinner. Plaintiff acknowledged that he was not offended by a kiss Professor Kleeman blew him at the parade.

5. Plaintiff caused or contributed to the alleged injuries and damages by Plaintiff's own behavior. Plaintiff suggested he and Professor Kleeman meet for lunch sometime. Plaintiff and Professor Kleeman made plans to meet for dinner and they communicated by phone, text, and Facebook messenger to determine the time and location to meet. Plaintiff described the initial interaction with a hug and a light kiss on the back of his head as consensual. Plaintiff said that Professor Kleeman looked good. Plaintiff remained at Professor Kleeman's house after the alleged sexual

misconduct and even prepared the salad for dinner. Plaintiff acknowledged that he was not offended by a kiss Professor Kleeman blew him at the parade.

6. Plaintiff has no damages or has otherwise failed to mitigate damages.

7. Plaintiff fails to state a claim that would require the Court to impose any equitable relief on RUSO.

8. RUSO is not responsible for the inappropriate or illegal conduct of an individual.

9. RUSO does not employ or supervise in any way, Professor Kole Kleeman of whom Plaintiff complains.

10. RUSO does not supervise, control or manage UCO on personnel matters or behavior of its employees.

11. Plaintiff's damages are capped or otherwise limited pursuant to Title VII and Title IX.

WHEREFORE, Defendants respectfully requests that Plaintiff take nothing by her petition/complaint and that Defendants be awarded attorney fees and costs for the defense of this matter.

Respectfully submitted,

 /s/Lexie P. Norwood
**RICHARD N. MANN, OBA#11040**
**LEXIE P. NORWOOD, OBA#31414**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK   73105
Telephone:   (405) 521-3921
Facsimile:    (405) 521-4518
Email: richard.mann@oag.ok.gov
Email: lexie.norwood@oag.ok.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day January 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further that a true and correct copy of the foregoing document was sent via the ECF System to the following persons who are registered participants:

Leah Roper
Colby Addison
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th
Oklahoma City, OK 73159
Email: leah@lhllaw.com
Email: colby@lhllaw.com
*Attorney for Plaintiff*

 /s/Lexie P. Norwood
Lexie P. Norwood